Jon G. Shadinger Jr.,Esq. (036232017)
Shadinger Law, LLC
717 E. Elmer St, Suite 7
Vineland, NJ 08360
(609) 319-5399
js@shadingerlaw.com
*Attorney for Plaintiff, Dennis Maurer*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| DENNIS MAURER, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>ABDALLAH FOODS, INC., a New Jersey Corporation,<br><br>&<br><br>FERR REALTY, INC., a New Jersey Corporation,<br><br>Defendants. | Case No. 1:24-cv-09076<br><br>**COMPLAINT** |

### Introduction

Plaintiff, DENNIS MAURER, an Individual, on his own behalf and on the behalf of all other similarly situated mobility impaired persons hereby sues the Defendants, ABDALLAH FOODS, INC., a New Jersey Corporation, and FERR REALTY, INC., a New Jersey Corporation ("Defendants") for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("LAD").

1

## The Parties

1. Plaintiff, DENNIS MAURER, is an individual over eighteen years of age and is otherwise sui juris. Mr. Maurer resides at 8 Prospect Ave, Egg Harbor Township, NJ 08234.

2. Defendant, ABDALLAH FOODS, INC., operates a place of public accommodation, in this instance a Denny's restaurant, alleged by the Plaintiff to be operating in violation of Title III of the ADA and the LAD.

3. Defendant, FERR REALTY, INC., owns the land upon which the place of public accommodation alleged by the Plaintiff to be operating in violation of Title III of the ADA and the LAD.

## Jurisdiction and Venue

4. Defendants' property is a Denny's restaurant and is located at 242 E White Horse Pike, Galloway, NJ 08205, Atlantic County[1] (the "Property" or "Denny's").

5. Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

6. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.[2]

7. Jurisdiction over the state law claim vests with this Court pursuant to 28 U.S.C § 1367.

8. The Defendants own, lease, lease to, and/or operate a place of public accommodation as

---

[1] Property is also known as Block 891, Lot 6 on the Municipal Tax Map of Galloway Township
[2] See also 28 U.S.C. § 2201 and 28 U.S.C. § 2202

2

defined by the ADA and the regulations implementing the ADA. The Defendants are thus required to comply with the obligations of the ADA.[3]

9. Plaintiff is an individual with disabilities as defined by and pursuant to the ADA. Mr. Maurer has multiple sclerosis and therefore has a physical impairment that substantially limits many of his major life activities[4] including, but not limited to, not being able to walk, stand, reach, or lift. Mr. Maurer, at all times, requires the use of a wheelchair to ambulate.

## Factual Background

10. Mr. Maurer is a staunch advocate of the ADA. Since becoming mobility impaired (and having to fully rely on the use of his wheelchair to ambulate) he has dedicated his life to the elimination of accessibility discrimination so that he, and others like him, may have full and equal enjoyment of all public accommodations without fear of discrimination and repeated exposure to architectural barriers.

11. Mr. Maurer encounters architectural barriers at many of the places that he visits. Seemingly trivial architectural features such as parking spaces, curb ramps, and door handles are taken for granted by the non-disabled but, when improperly designed or implemented, can be arduous and even dangerous to those in wheelchairs.

12. The barriers to access that Mr. Maurer experiences at differing places of public accommodation are often similar in nature. For example, he is repeatedly faced with sloping in parking lots, improper curb ramps, abrupt changes of level within paths of travel, and non-accessible restrooms. He has become frustrated and disheartened by the repetitiveness of the

---

[3] 28 CFR § 36.201(a) and 28 CFR § 36.104
[4] as defined by 28 CFR § 36.105(b)(1-2)

complaints he has been forced to make to the employees and management at various establishments in the past; most often to no avail. Thus, he now finds his redress through the ADA; as Congress intended.

13. Mr. Maurer has visited the Property on numerous occasions, his last visit occurred on or about August 4, 2024, when he had breakfast with his family. Mr. Maurer found that the Property was in violation of the ADA and contained a litany of architectural barriers.

14. Mr. Maurer shall return to the Property not only as a patron but also to monitor any progress made with to respect to ADA compliance – he sincerely hopes that his return visits are not made in vain.

15. The Property is located roughly 15 miles from his home, in the proximity of Historic Smithville, and upon his route to all points North up the Garden State Parkway.

16. As it relates to his ongoing nearby travels, Mr. Maurer has accumulated friends and family across the mid-Atlantic region. Now that he has retired, he has plenty of time to travel and regularly visit them across New Jersey, New York, Pennsylvania, Delaware, and Maryland. This includes regularly travelling throughout southern New Jersey – especially within Atlantic County.

17. Mr. Maurer has personally encountered exposure to architectural barriers and otherwise harmful conditions that have endangered his safety at the Property.

18. The ADA has been law for over thirty (30) years and the Property remains non-compliant. Thus, the Mr. Maurer has actual notice and reasonable grounds to believe that he will continue to be subjected to discrimination by the Defendants.

19. Mr. Maurer has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the Property as described but not necessarily limited to the barriers he has personally experienced which are listed in Paragraph 24

of this complaint.

20. Following any resolution of this matter Plaintiff will ensure that the Defendants undertake the remedial work that is required to cure existing violations, under the appropriate standard and in compliance with the ADA. Such a reinspection would be undertaken as set forth in any settlement agreement that may occur or as ordered by this Court.

### COUNT I
### Violation of Title III of the
### Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

21. Plaintiff realleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

22. The Defendants have discriminated against the Plaintiff, and other similarly situated mobility impaired persons, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by the ADA.

23. A preliminary inspection of the Property has shown that violations of the ADA exist. That inspection, performed by Plaintiff's expert, further revealed that the remediation of all violations/barriers listed in Paragraph 24 are both technically feasible and readily achievable.

24. The following are architectural barriers and violations of the ADA that Mr. Maurer has personally/physically encountered during his visits to the Property:

**Parking and Exterior Accessible Route**

  a. The designated accessible parking spaces located at Denny's are not maintained, lack proper access aisles, contain improper sloping, and contain surface cracks; in violation of the ADAAG and Sections 402 and 502 of the 2010 ADA Standards. These barriers have

    presented Mr. Maurer with a tipping hazard and could also cause damage to his wheelchair; to avoid these obstacles he has been forced to park away from the facility in a flat and properly maintained area, travel around obstacles, and then through the vehicular way of the parking lot in order to reach the facility.

b. The accessible route which leads from the accessible parking area to the facility entrances is impeded by cross-sloping, abrupt changes of level, and improper curb ramps; a violation of the ADAAG and Section 402 and 502 of the 2010 ADA Standards. These conditions have presented Mr. Maurer with a tipping hazard which could cause a fall and damage to his wheelchair.

c. The exterior accessible route throughout the Property is impeded by excessive cross-sloping and abrupt changes in level; in violation of the ADAAG and Section 402 of the 2010 ADA Standards. Mr. Maurer was impeded by the excessive sloping and abrupt changes of level while traveling throughout the Property – these conditions present a tipping hazard and could damage his wheelchair.

d. The Property fails to provide the requisite number of compliant accessible parking spaces and van-accessible parking spaces (as well as the requisite number of access aisles and van access aisles), a violation of Section 502 of the 2010 ADA Standards. Due to the lack of accessible parking, Mr. Maurer was forced to park away from the restaurant – as detailed above – so that he could freely access his vehicle.

e. Denny's fails to provide a continuous accessible route throughout the entirety of the Property; the existing route contains excessive cross-sloping and abrupt changes of level. These architectural barriers are violative of the ADAAG and Section 402 of the 2010 ADA Standards.

    f.   The Property fails to provide a compliant route to the adjacent street, sidewalk, and/or the public transportation route. Mr. Maurer has been precluded from accessing the Property from these points of entry due to the lack of an accessible route; a discriminatory omission which limits his options for transportation and is a violation of ADAAG and Section 206.2.1 of the 2010 ADA Standards.

**Access to Goods and Services**

    g.   Payment counters at Denny's are mounted beyond Mr. Maurer's reach; a violation of the ADAAG and Sections 308 and 904 of the 2010 ADA Standards. These barriers have prevented his from comfortably accessing these elements within the restaurant.

    h.   Denny's fails to provide the requisite number of accessible dining tables; in violation of the ADAAG and Section 902 of the 2010 ADA Standards. Due to the lack of an accessible table Mr. Maurer could not dine in a comfortable manner.

    i.   Mr. Maurer could not enter the restaurant without assistance due to abrupt changes of level and excessive sloping at the base of the doors which could damage his wheelchair or cause a tip and fall; a violation of the ADAAG and Section 404 of the 2010 ADA Standards.

**Restrooms**

    j.   The restrooms within Denny's are inaccessible to Mr. Maurer. The barriers to access include incorrect signage, inaccessible water closets, and a lack of wheelchair maneuvering space; violations of the ADAAG and Section 601 of the 2010 ADA Standards. These barriers (and others) have prevented Mr. Maurer from freely using the restrooms.

    k.   Restrooms contain dispensers which are improperly mounted beyond Mr. Maurer's reach – and outside the reach of all wheelchair users – in violation of the ADAAG and Section

    308 of the 2010 Standards. Due to their improper locations Mr. Maurer could not make use of the dispensers in the restrooms.

l. Restrooms contain improper centerlines for the toilets and lack the proper grab bars; in violation of the ADAAG and Section 604 of the 2010 ADA Standards. Due to these barriers Mr. Maurer could not make use of the restrooms.

m. Restrooms contain lavatories that lack the requisite knee and toe clearance; in violation of the ADAAG and Section 606 of the 2010 ADA Standards. Due to these barriers and the overall inaccessibility of the restrooms Mr. Maurer could not wash his hands nor make use of the sinks.

n. The restroom doors are impeded by improper signage and a lack of wheelchair maneuvering clearance; in violation of the ADAAG and Sections 404 and 703 of the 2010 ADA Standards. Due to the lack of access Mr. Maurer could not enter/exit the restrooms without assistance.

25. Each of the foregoing violations is also a violation of the ADA Standards for Accessible Design, originally published on July 26, 1991 and republished as Appendix D to 28 CFR part 36 ("1991 Standards"); the "2004 ADAAG", which refers to ADA Chapter 1, ADA Chapter 2, and Chapters 3 through 10 of the Americans with Disabilities Act and the Architectural Barriers Act Accessibility Guidelines, which were issued by the Access Board on July 23, 2004 and codified at 36 CFR § 1191, appendix B and D ("ADAAG"); and the 2010 Standards for Accessible Design ("2010 ADA Standards"), as promulgated by the U.S. Department of Justice.[5]

---

[5] 28 CFR § 36.104

26. The discriminatory violations described in Paragraph 24 may not be an exhaustive list of the ADA violations that exist at the Property, but they are the result of a preliminary inspection conducted by the Plaintiff (and his expert) and include all those personally experienced by Mr. Maurer. Plaintiff requires thorough inspection of the Defendants' place of public accommodation in order to photograph and measure the architectural barriers which exist at the Property in violation of the ADA/LAD.

27. Plaintiff, and other mobility impaired persons, will continue to suffer discrimination, injury and damage without the immediate relief provided for by the ADA and requested herein.

28. Defendants have discriminated against Plaintiff, and other mobility impaired persons, by denying access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of the ADA.

29. Defendants continue to discriminate against Plaintiff, and other mobility impaired persons, by failing to remove architectural barriers, and communication barriers that are structural in nature.[6]

30. Defendants continue to discriminate against Plaintiff, and other mobility impaired persons, by failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.[7]

31. Defendants continue to discriminate against Plaintiff, and other mobility impaired persons,

---

[6] 42 U.S.C. § 12181(b)(2)(A)(iv)
[7] 42 U.S.C. § 12181(b)(2)(A)(ii)

by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.[8]

32. If the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993[9] then the Defendants' facility must be readily accessible to and useable by individuals with disabilities in accordance with the 1991 Standards.

33. Pursuant to 28 CFR § 36.402(a)(1) "any alteration" made to the Property after January 26, 1992, must have been made so as to ensure that, to the maximum extent feasible, the altered portions of the Property are readily accessible to and usable by individuals with disabilities, including individuals, like Mr. Maurer, who use wheelchairs. An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.[10] Discovery in this matter will reveal if and when such alterations have taken place at the Property, and to what corresponding technical and scoping specification the Defendants must meet/exceed to bring the Property into compliance with the ADA.

34. Pursuant to 28 CFR § 36.304(a) the Defendants shall remove all existing architectural barriers, including communication barriers that are structural in nature, where such removal is readily achievable.

35. 28 C.F.R. § 36.304(d)(2)(i) controls with respect to the corresponding technical and scoping specification to which each element - that has not been altered - must comply with or be modified to meet. Those are defined as follows:

---

[8] 42 U.S.C. § 12181(b)(2)(A)(iii)
[9] as defined by 28 CFR § 36.401(a)(2)
[10] 28 CFR § 36.402(a)(2)

    a. Elements that have not been altered since on or after March 15, 2012, must comply with the 1991 Standards.

    b. Elements that have existed prior to and have not been altered since on or after March 15, 2012, that do not comply with the 1991 Standards must be modified to comply with either the 1991 Standards or the 2010 Standards.

    c. Elements that have been altered on or after March 15, 2012, that do not comply with the 1991 Standards must be modified to comply with the 2010 Standards.

36. Plaintiff is not required to notify the Defendants of their violation of the ADA nor their ongoing discrimination prior to the filing of this action. To that end, Plaintiff has found that voicing concerns to employees and management, making phone calls, and writing letters is futile. In his experience the only way to spur action and achieve the accessibility required under the law is to file matters, like this one, and pray for the relief contained herein.

37. Plaintiff is without adequate remedy at law and is suffering irreparable harm, including bodily injury consisting of emotional distress, mental anguish, suffering, and humiliation. Considering the balance of hardships between the Plaintiff and the Defendants, a remedy in equity is warranted. The public interest would not be disserved by the issuance of a permanent injunction.

38. Pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505, Plaintiff are entitled to recovery of attorney's fees, costs, and litigation expenses from the Defendants.

39. Pursuant to 42 U.S.C. § 12188(a)(2), this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require the Defendants to alter the Property and make such readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the Property until such time as the Defendants cure all violations of the

ADA.[11]

**WHEREFORE,** Plaintiff respectfully demands;

a. The Court issue a Declaratory Judgment determining that the Defendants are in violation of Title III of the ADA.

b. Injunctive relief against the Defendants including an order to (1) cure all ADA violations existing at the Property listed herein and those later found through discovery within the next six months; (2) to make the Property accessible to and usable by individuals with disabilities; and (3) to require the Defendants to make reasonable modifications in policies, practices or procedures, to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An Order requiring the Defendants to cease discriminatory practices and to maintain the requisite accessible features at the Property - as required by the ADA.

d. An award of attorney's fees, costs, and litigation expenses (including expert fees and costs) pursuant to 42 U.S.C. § 12205.

e. Such other relief as the Court deems just and proper and is allowable under Title III of the ADA.

**COUNT II**

**Violation of New Jersey Law
Against Discrimination, N.J.S.A. 10:5-1 et seq.**

40. Plaintiff realleges and incorporates, by reference, all of the allegations contained in all of

---

[11] 42 U.S.C. § 12188(b)(2)

the preceding paragraphs.

41. The Property is a place of public accommodation as defined by N.J.S.A 10:5-5.

42. New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any public place of accommodation without discrimination on the basis of disability.  This opportunity is recognized and declared to be a civil right.[12]

43. As set forth above, the Defendants have violated the LAD by denying Mr. Maurer – and all other mobility impaired persons – the full and equal enjoyment of the goods, facilities, services, and accommodations available at the Property.

44. As a result of the aforementioned discrimination through repeated exposure to architectural barriers and other harmful conditions, Mr. Maurer has sustained bodily injury in the form of emotional distress, mental anguish, dignitary harm, and humiliation, in violation of the LAD.

**WHEREFORE**, Plaintiff respectfully demands;

    a. That this Court assume jurisdiction.

    b. The Court issue a Declaratory Judgment determining that the Defendants are in violation of the LAD.

    c. An injunction ordering Defendants to immediately comply with the LAD by removing all architectural barriers listed herein or later found through discovery.

    d. A monetary award consisting of the individual Plaintiff's damages – to the maximum extent permitted, attorney's fees, and litigation expenses; including expert's fees and costs.

    e. An order requiring the Defendants to cease discriminatory practices and to maintain the

---

[12] Pursuant to N.J.S.A 10:5-4

requisite accessible features at the Property – as required by the LAD.

f. Other relief that this Court deems just and proper and is allowable under the LAD.

Respectfully submitted on this 10th day of September 2024,

>*/s/ Jon G. Shadinger Jr.*
>Jon G. Shadinger Jr., Esq.
>Shadinger Law, LLC
>717 E. Elmer St, Suite 7
>Vineland, NJ 08360
>(609) 319-5399
>js@shadingerlaw.com
>*Attorney for Plaintiff, Dennis Maurer*